O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA ASBERRY,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 12-2565 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//
//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

A.  **Reversal is not warranted based on the ALJ's determination that plaintiff did not have a "severe" impairment (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's determination that, although plaintiff had a medically determinable impairment of degenerative disc disease of the lumbar spine, the impairment was "not severe" at step two of the sequential evaluation process and therefore, plaintiff was not disabled. (See Jt Stip at 3-10.)

An impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's ability to perform basic work activities. Basic work activities are the "abilities and aptitudes necessary to do most jobs," including physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling. 20 C.F.R. §§ 404.1521(b) & 416.921(b). If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See Social Security Ruling[2] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

The record indicates that an examining physician, Dr. Chung, diagnosed plaintiff with mild musculoligamentous strains of the cervical and lumbar spines and probable mild degenerative changes of the cervical and lumbar spines with no neurological deficits, but concluded that her neurological examination was "essentially negative." (See AR 267.) Based on his examination, Dr. Chung completed a functional assessment stating that plaintiff could carry, lift, push, and pull 25-30 pounds on a frequent basis and 40-45 pounds on an occasional basis; could stand and walk for 5-6 hours in an 8-hour day; and had no other limitations.

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

(See id.) Moreover, a medical expert, Dr. Francis, testified at the administrative hearing that plaintiff's record was "fairly sparse" and indicated the possibility of radiculopathy or partial radiculopathy, or alternatively the possibility of a hamstring muscle spasm. (See Supplemental ["Supp."] AR 10, 11-12.) Finally, after the administrative hearing and after the ALJ issued his decision, plaintiff submitted her treating medical records for the first time to the Appeals Council as part of her request for review of the ALJ's decision. (See AR 8, 285-308.) The records indicated, inter alia, that plaintiff's treating physicians diagnosed her with lumbar radiculopathy and sciatica (see AR 287, 288, 293, 294, 295, 304), but no treating physician posited any functional limitations from plaintiff's condition. The Appeals Council denied review. (See AR 5.)[3]

The Court finds reversal is not warranted based on the ALJ's alleged failure to make a proper non-severity finding. Although the medical evidence did indicate that plaintiff had a medically determinable impairment (i.e., degenerative disc disease of the lumbar spine), the mere presence of such an impairment did not establish that it was "severe." See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere

---

[3] The Court notes that the Appeals Council denied review after finding that the treating medical records were dated subsequent to the ALJ's March 16, 2011 decision and therefore were not relevant to whether plaintiff was disabled on or before the date of the ALJ's decision. (See AR 5.) Contrary to this finding, the treating medical evidence relating to plaintiff's lumbar radiculopathy and sciatica was generated during the period between October 30, 2009, and March 9, 2011. (See AR 287, 288, 293, 294, 295, 304.) However, the Court finds that the Appeals Council's error was harmless because the treating medical evidence would not have changed the ALJ's determination that plaintiff's impairment had no more than a minimal effect on her ability to perform basic work activities. See Cullen v. Astrue, 480 F. Supp. 2d 1258, 1269-70 (D. Kan. 2007) (Appeals Council's erroneous rejection of new evidence as chronologically irrelevant was harmless because no reasonable factfinder reviewing the record could have determined that the new evidence would require a change in the ALJ's decision.)

existence of an impairment is insufficient proof of disability."); Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) (at step two, a claimant "must show more than the mere presence of a condition or ailment"). Moreover, the Court disagrees with plaintiff that Dr. Chung's functional assessment established that plaintiff's impairment was "severe." (See Jt Stip at 9.) Rather, the Court finds that Dr. Chung's functional assessment, which posited only minor limitations in plaintiff's ability to handle weight and stand, was consistent with the ALJ's determination that plaintiff had only a slight abnormality with no more than a minimal effect on her ability to perform basic work activities. See Williamson v. Barnhart, 350 F.3d 1097, 1099-100 (10th Cir. 2003) (ALJ's non-severity determination was supported by substantial evidence where plaintiff with low body weight had some lifting limitations but could engage in basic work activities); SSR 85-28 ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs.")

**B.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's adverse credibility determination with respect to plaintiff. (See Jt Stip at 10-17.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing

reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that she could not work because her sciatica caused pain in her neck, back, spine, and lower extremities; because she had "excruciating" pain daily; and because she had "flare-ups" requiring her to lie down for a couple of hours. (See Supp. AR 6-8.) The ALJ determined that although plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's finding that plaintiff had no severe impairment or combination of impairments. (See AR 26.)

In support of this adverse credibility determination, the ALJ proffered three reasons. First, the ALJ noted that plaintiff's statements were not entirely credible in light of the degree of medical treatment required, specifically, because the record revealed relatively infrequent trips to the doctor for the allegedly disabling symptoms. (See AR 25, 26; see also AR 285-308.) The Court finds that this constituted a clear and convincing reason not to credit plaintiff's subjective symptom testimony. See, e.g., Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may properly rely on lack of consistent treatment); Bunnell, 947 F.2d at 346 (ALJ may properly rely on plaintiff's unexplained or inadequately explained failure to seek treatment or follow prescribed course of treatment); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989) (same); see also Flaten v. Sec. of Health and Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ was entitled to draw adverse inference from general lack of medical care for claimant's back problems); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (absence of treatment for plaintiff's back complaints for certain period constituted clear and convincing reason to reject claimant's pain testimony).

Second, the ALJ noted discrepancies between plaintiff's assertions and the documentary reports in the medical record, particularly Dr. Chung's examination, which indicated that the examination findings were minimal and not meriting surgery, that there were no specific gross abnormalities with the exception of some decrease in range of motion in the cervical spine and some decrease in range of motion of the lumbosacral spine, and that the neurological examination was essentially negative. (See AR 26; see also AR 267.) This inconsistency between plaintiff's testimony and the objective medical evidence of record also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See, e.g., Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

Third, the ALJ noted that plaintiff had worked in 2008, after her alleged disability onset date of November 1, 2007, and earned $5,018.07, which strongly suggested that plaintiff's impairment would not currently prevent work. (See AR 26.) The Court is unable to find that this third stated reason qualifies as a "clear and convincing" reason for not crediting plaintiff's subjective pain and symptom testimony. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 (9th Cir. 2007) (rejecting ALJ's adverse credibility determination because "[i]t does not follow from the fact that a claimant tried to work for a short period and, because of his impairments, *failed*, that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment" (emphases in original)).

However, the Court finds that the ALJ's error in relying on this third reason was harmless because the ALJ's two other reasons and ultimate credibility determination were supported by substantial evidence. See <u>Carmickle v. Comm'r, Social Sec. Admin.</u>, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's testimony.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>January 8, 2013</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE